UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21616-BLOOM/Otazo-Reyes**

FLORIDA AGENCY FOR HEALTH
CARE ADMINISTRATION,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, *et al.*,

    Defendants.

_____/

## ORDER GRANTING MOTION TO INTERVENE

**THIS CAUSE** is before the Court upon Jackson Health's ("Intervenor") Motion to Intervene and Incorporated Memorandum of Law, ECF No. [21] ("Motion"). Intervenor seeks leave to permissibly intervene in this action under Federal Rule of Civil Procedure 24(b)(1)(B). Intervenor contends that its claims share a common question of law or fact with the claims asserted by Plaintiff Florida Agency for Health Care Administration ("Plaintiff"), and that Intervenor plays a central role in Plaintiff's Complaint. Defendants United States Department of Health and Human Services and Xavier Becerra (collectively, "Defendants") have failed to submit any timely response in opposition to the Motion. Additionally, Plaintiff does not oppose the instant Motion. The Court has carefully reviewed the Motion, Plaintiff-Intervenor's Complaint, ECF No. [21] at 12-47 ("Proposed Complaint"), the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Plaintiff initiated this action on April 27, 2021, ECF No. [1] ("Complaint"), seeking judicial review of a final administrative decision by the Departmental Appeals Board ("Board") of

Case No. 21-cv-21616-BLOOM/Otazo-Reyes

the United States Department of Health and Human Services. Specifically, the Board's decision disallows $97,570,183 in federal reimbursement for payments that Plaintiff made to hospitals and other health care providers through the Medicaid program from July 1, 2006 to June 30, 2013. "[A]lmost all of the funds that [Defendant] seeks to recover involve payments to [Intervenor], the State's largest provider of safety net services to Medicaid patients, the uninsured, and the underinsured." *Id.* ¶ 3. Indeed, the federal share payments distributed to Intervenor account for approximately $92 million of the $97 million disallowance. *Id.* ¶ 41. Thus, in the event the disallowance is upheld, Intervenor will be responsible for the repayment of $92 million. Intervenor now seeks leave to intervene in this case to challenge the Board's disallowance determination. *See generally* ECF No. [21]. Intervenor's Proposed Complaint is based on the same set of facts as alleged in Plaintiff's Complaint. *Id.* at 12-47.

Federal Rule of Civil Procedure 24(b) governs permissive interventions, and states:

(1) **In General**. On timely motion, the court may permit anyone to intervene who:
 (A) is given a conditional right to intervene by a federal statute; or
 (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1).

Thus, to permissibly intervene, the intervenor must show that "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). When exercising its discretion, a district court "can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion [to intervene]." *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999); *see also McIntire v. Mariano*, No. 18-cv-60075, 2019 WL 78982, at *4 (S.D. Fla. Jan. 2, 2019).

"The 'claim or defense' portion of the rule has been construed liberally, and indeed the [United States] Supreme Court has said that it 'plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation.'" *In re Estelle*, 516 F.2d 480, 485 (5th Cir. 1975)[1] (quoting *Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940)). The intervening party, however, "must demonstrate more than a general interest in the subject matter of the litigation before intervention should be allowed." *Alexander v. Hall*, 64 F.R.D. 152, 157 (D.S.C. 1974).

Upon review of the instant Motion, the Court finds that Intervenor has met its burden of demonstrating that permissive intervention is warranted. There is no dispute that there are nearly identical legal and factual commonalities between the two actions, and Defendants' failure to respond or oppose the Motion further support this conclusion. Moreover, there is no indication that either Plaintiff, who does not oppose the Motion, or Defendants, who have failed to respond to the Motion, would be prejudiced in any way by the intervention. *See Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) ("Permissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties."). Finally, Intervenor's Motion is timely and would not cause any delay in this litigation as the Motion was filed less than one month after this action was initiated. *See McIntire*, 2019 WL 78982, at *7. As such, the Court concludes that the Intervenor should be permitted to intervene in this case.

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

Case No. 21-cv-21616-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** that Intervenor's Motion, **ECF No. [21]**, is **GRANTED**. Intervenor must separately refile its Proposed Complaint, **ECF No. [21] at 12-47**, by no later than **June 15, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 11, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record